# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CASSIE SUE GALINDO ZARUBA COLBY,

    **Plaintiff,**

  v.                                               Case No. 16-CV-365

TAYCHEEDAH CORRECTIONAL INSTITUTION,

    **Defendant.**

## ORDER

Plaintiff, Cassie Sue Galindo Zaruba Colby, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that her civil rights were violated. This matter comes before me on plaintiff's motion for leave to proceed *in forma pauperis* and for screening of plaintiff's complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $1.66. I will grant her motion for leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(b)(4).

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

(1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no

more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff names only Taycheedah Correctional Institution as a defendant. She then states that the Department of Corrections failed to comply with "safety hazard issues." (ECF No. 1 at 2). She says she informed several officers about a leak in the cell, but every officer complained about putting in a work order. On September 29, 2014, plaintiff slipped and fell due to the leak and "was knocked unconscious." *Id.* Plaintiff asks for monetary damages.

Plaintiff's complaint generally states an Eighth Amendment conditions of confinement claim, but she has not named a proper defendant. Taycheedah Correctional Institution is operated by the Wisconsin Department of Corrections, a state agency. States and state agencies are not "persons" within the meaning of § 1983 and

3

therefore are not suable under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

If plaintiff wants to proceed, she must file an amended complaint naming the individual defendants who were involved in the alleged constitutional violation.  If she does not know their names, she may refer to them as John Doe or Jane Doe and describe them and where and when they worked at the prison.  While she must eventually discover the names of the defendants, at the screening stage, a complaint is not subject to dismissal for failure to identify the defendants by name.  *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995).

Plaintiff's amended complaint must be filed on or before **Tuesday, May 31, 2016**.  If plaintiff files an amended complaint, I will screen it pursuant to 28 U.S.C. § 1915A.  If plaintiff does not file a timely amended complaint, I will dismiss this action without prejudice for failure to prosecute.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).  In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]"  *Id.* at 1057 (citation omitted).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**.

4

**IT IS FURTHER ORDERED** that on or before **Tuesday, May 31, 2016**, plaintiff shall file an amended pleading curing the defects in the original complaint. Failure to timely file an amended complaint will result in dismissal of this action for failure to prosecute.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $348.34 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

5

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2016.

**BY THE COURT:**

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge